J-S10026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.S. | : | |
| | : | |
| Appellant | : | No. 1659 MDA 2019 |

Appeal from the PCRA Order Entered September 18, 2019,
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s): CP-28-CR-0000204-2002.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 07, 2020**

D.S. appeals from the order denying his second petition for relief filed

pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The pertinent facts and procedural history are as follows.  In June of

1998, D.S. engaged in inappropriate conduct with his two daughters.  The

police arrested him in July of 2001 and charged him with various offenses.

Following a trial on August 29, 2002, a jury convicted him of one count each

of sexual abuse of children, endangering the welfare of children, corruption of

minors, and providing intoxicants to minors.    The trial court deferred

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.  Pursuant to I.O.P. 424, we have corrected
the caption to reflect the appellant's initials in order to protect the identity of
the victims.

sentencing pending an assessment of D.S. by the Sexual Offenders Assessment Board ("SOAB"), and a sexually violent predator ("SVP") hearing.

On December 9, 2002, the trial court held a hearing, designated D.S. an SVP, and sentenced him to an aggregate term of seven to twenty-one years of imprisonment. D.S. filed a timely appeal. On March 22, 2004, we affirmed his judgment of sentence. D.S. did not seek further review.

On March 4, 2005, D.S. filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley*** 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On June 7, 2005, the PCRA court granted counsel's petition to withdraw and stated its intention to dismiss D.S.'s PCRA petition pursuant to Pa.R.Crim.P. 907. By order entered July 22, 2005, the PCRA court denied D.S.'s petition. D.S. did not file an appeal.

On May 20, 2019, D.S. filed another *pro se* PCRA petition. On June 17, 2019, he filed a "Supplemental Issue to his Pending PCRA Petition." On July 25, 2019, D.S. filed a motion for appointment of counsel, which the PCRA court denied on August 2, 2019. The Commonwealth filed an answer. Thereafter, the PCRA court *sua sponte* asked the parties to address the timeliness of the PCRA petition. Both D.S. and the Commonwealth complied. On August 12, 2019, the PCRA court issued Rule 907 notice of its intention to dismiss the petition without a hearing. D.S. filed a response. By order entered

September 18, 2019, the PCRA court denied D.S.'s second PCRA petition on the basis that it was untimely filed and the court lacked jurisdiction to address his claims. D.S. filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.

D.S. now raises the following issues:

I. Whether [D.S.'s requirements] as a sexually violent predator [SVP] now provided under the [Sex] Offender Registration and Notification Act [SORNA] is unconstitutional and violates [D.S.'s] fundamental rights against [*ex post facto*] laws as guaranteed by both the Pennsylvania and United States Constitutions?

II. Whether [D.S.] is entitled to relief in that the [*ex post facto* application of [SORNA], Chapter I, is unconstitutional and therefore [D.S.'s SVP] registration requirement must be terminated?

III. Whether the PCRA court erred, when it failed to provide [D.S.] the benefit of a properly conducted evidentiary hearing to determine the credibility of all issues presented that led to the filing of both the PCRA petition and supplemental issue in support of his PCRA petition?

IV. Whether the PCRA court abused [its] discretion when failing to reinstate both [D.S's] PCRA petition and appeal [*nunc pro tunc*] after confirming that the certified record did not reflect that PCRA counsel had ever actually filed on the trial court docket either his motion to withdraw or no-merit letter?

V. Whether the PCRA court erred, when it failed to provide [D.S.] with the complete benefit of Governor [Wolf's] October 28, 2018, Senate Bill 915 that led to the filing of all issues as presented within [SD.S.'s] initial [PCRA] petition, and his supplemental issue?

D.S.'s Brief at 4 (excess capitalization omitted).[2]

Before addressing these issues, we must first determine whether the PCRA court correctly determined that D.S.'s current PCRA petition was untimely filed.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[3] A PCRA petition invoking one of these

---

[2] The Commonwealth did not file a brief.

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

statutory exceptions must be filed within one year the date the claims could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2) (as amended, effective December 24, 2018). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016).

Here, because D.S. did not file a petition for allowance of appeal after we affirmed his direct appeal on March 22, 2004, his judgment of sentence became final thirty days thereafter, or on April 23, 2004. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, for purposes of the PCRA's time bar, D.S. had to file any PCRA petition by April 23, 2005. D.S. filed this second PCRA petition at issue on May 20, 2019. Thus, the petition is patently untimely, unless D.S. has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

D.S. failed to plead and prove a timeliness exception. In his supplement to his PCRA petition, as well as within his appellate brief, D.S. argues that he has established the newly-recognized constitutional right under 42 Pa.C.S.A. section 9545(b)(1)(iii) based upon our Supreme Court's decision in of

---

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

- 5 -

*Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (holding that that the registration provisions of SORNA are punitive, and that retroactive application of those provisions violates federal and *state ex post facto* clauses), and this Court's decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (holding that the portion of SORNA that permits a trial court to find a defendant to be an SVP by clear and convincing evidence is unconstitutional, and that trial courts can no longer designate defendants as SVPs or hold SVP hearings until our General Assembly enacts a constitutional designation mechanism).

However, this Court has determined that, although *Muniz* applies to timely collateral appeals, it does not establish a timeliness exception under the PCRA. As this Court has explained:

> Appellant's reliance on *Muniz* cannot satisfy the 'new retroactive right' of section 9545(b)(1)(iii). . . . Here, we acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the [timely] petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See* [*Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002)]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Commonwealth v. Greco*, 203 A.3d 1120, 1124 (Pa. Super. 2019) (quoting *Commonwealth v. Murphy*, 180 A.3d 402, 405-06 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018)).

D.S.'s claim of retroactivity of the *Butler* decision also fails. Indeed, our Supreme Court has recently reversed this Court, finding that SVP process to be constitutional. *See Commonwealth v. Butler*, 2020 Pa. LEXIS 1692 (Pa. 2020) (holding the lifetime registration, notification, and counseling requirements do not constitute punishment and therefore the procedure for designating individuals as SVPs under SORNA remains constitutionally permissible). Thus, *Butler* provides D.S. no relief.

In sum, D.S.'s PCRA petition was untimely and he cannot establish a timeliness exception. *See Commonwealth v. Knecht*, 219 A.3d 689 (Pa. Super. 2019) (reiterating that *Muniz* does not establish a timeliness exception under the PCRA).[4] Therefore, the PCRA court lacked jurisdiction to consider the merits of D.S.'s second PCRA petition. *See Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011) (holding that neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition). We therefore affirm its order denying post-conviction relief.

_____

[4] If, in the future, the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, D.S. can then file a PCRA petition, within one year of that decision, attempting to invoke the timeliness exception of 42 Pa.C.S.A. section 9545(b)(1)(iii). *Murphy*, 180 A.3d at 406, n.1.

Order affirmed.


 Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/2020